UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VICTOR KEVEN THOMAS, 92-B-1669,

              Plaintiff,

     v.

J. CASSLEBERRY, et al.,

              Defendants.

DECISION & ORDER

03-CV-6394

---

        Plaintiff in the above-captioned matter has filed suit *pro se*, pursuant to 42 U.S.C § 1983, alleging that defendants violated his constitutional rights under the Eighth and Fourteenth Amendments. According to the complaint, plaintiff, an inmate at Southport Correctional Facility, was assaulted on May 1, 1999 by defendant Correctional Officer James Cassleberry and issued a false disciplinary ticket. Defendants moved for summary judgment, which was granted on April 13, 2004, on the grounds that plaintiff had not exhausted his administrative remedies. (Docket # 30). Plaintiff appealed to the Second Circuit Court of Appeals, and the decision was vacated and the case remanded. (Docket # 34). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 37). For the following reasons, plaintiff's motion is denied.

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re*

*Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the ... claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that defendants violated his constitutional rights under the Eighth and Fourteenth Amendments. Through the current motion, plaintiff requests the assignment of

counsel, alleging that delays in receiving legal mail prevented him from pursuing his claim and that he is in bad health. (Docket # 37).

Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time. Indeed, plaintiff has thus far failed to establish that the case is "likely to be of substance." *Hendricks*, 114 F.3d at 392. The Second Circuit's decision remanding the matter did not address the substance of the case, only the issue of exhaustion. Moreover, the legal issues presented do not appear to be complex, and plaintiff appears fully able to conduct his own investigation. Further, plaintiff has not demonstrated that the appointment of counsel would be more likely to lead to a just determination in this matter. Thus, plaintiff's motion for appointment of counsel **(Docket # 37)** is **DENIED** without prejudice at this time. It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                                   *s/Marian W. Payson*
                                                 MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
        August  19 , 2005.