UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VICTOR KEVEN THOMAS,


                              Plaintiff,

                                                          DECISION AND ORDER

                                                          03-CV-6394L


             v.

C.O.J. CASSLEBERRY, et al.,



                              Defendants.
_____


        This *pro se* prisoner civil rights action is before the Court on remand from the Court of

Appeals for the Second Circuit.  After this Court granted summary judgment in favor of defendants

based on plaintiff Victor Thomas's failure to exhaust his administrative remedies as required by the

Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), the Second Circuit vacated and

remanded with directions to determine, in light of *Hemphill v. New York*, 380 F.3d 680 (2$^d$ Cir.

2004), and *Giano v. Goord*, 380 F.3d 670 (2$^d$ Cir. 2004), (1) whether plaintiff's fear of retaliation

rendered administrative procedures unavailable to him, (2) if such procedures were available,

whether defendants are estopped from asserting failure to exhaust as a defense, and (3) whether

plaintiff was otherwise justified in not pursuing a grievance in accordance with New York

Department of Correctional Services ("DOCS") procedures.

Following remand, both plaintiff and defendants submitted additional filings with this Court addressing the matters raised by the Court of Appeals in its remand order. Defendants have renewed their motion for summary judgment, and plaintiff has filed his own motion for summary judgment.

Having considered those submissions, as well as plaintiff's previously-filed papers, I conclude that plaintiff has demonstrated that ordinary DOCS grievance procedures were not available to him in the aftermath of the incident giving rise to this lawsuit, and that accordingly, the PLRA's exhaustion requirement is inapplicable to Thomas's claims. Defendants' motion is therefore denied. Plaintiff's motion is also denied, since there are genuine issues of material fact concerning the merits of plaintiff's claims.

## DISCUSSION

In *Hemphill*, the Second Circuit remanded to the district court for consideration of "whether some seemingly available remedies were rendered unavailable by the threats Hemphill received" from the defendants. 380 F.3d at 688. In particular, the court noted that the plaintiff had alleged that, in view of those threats, his only "functionally available" remedy was to write a letter to the facility superintendent; as the court explained, "threats or other intimidation by prison officials may well deter a prisoner of 'ordinary firmness' from filing an internal grievance, but not from appealing directly to individuals in positions of greater authority within the prison system ... ." *Id.*

With respect to estoppel, the court in *Hemphill* also directed the district court to consider whether the defendants' non-exhaustion defense was barred by equitable estoppel. Noting that the plaintiff alleged that one defendant, for example, had told the plaintiff that "[he]'d better drop it," warned that if the plaintiff "pursue[d] this any further," the defendant would bring criminal charges

against him, and promised that if the plaintiff sought medical attention for the injuries he had suffered at the hands of the defendant, the defendant would "know about it and ... make your life a living hell throughout this penal system," *id.* at 689, the court stated that "depending on the facts pertaining to each defendant, it is possible that some individual defendants may be estopped, while others may not be." *Id.*

As to the third issue–whether plaintiff was justified in not pursuing a grievance–the court in *Hemphill* and *Giano* stated that in some cases, "special circumstances" may render justifiable an inmate's failure to pursue or exhaust DOCS administrative remedies. *Id.*; *Giano*, 380 F.3d at 676. In both those cases, for example, the court stated that the plaintiffs' reasonable misinterpretation of DOCS procedural regulations might have constituted such special circumstances. *See also Thomas v. Ashcroft*, 470 F.3d 491, 497 n. 8 (2[d] Cir. 2006) (remanding for consideration of whether plaintiff's blindness rendered justifiable any failure to pursue or exhaust administrative remedies); *Brownell v. Krom*, 446 F.3d 305, 312 (2[d] Cir. 2006) (finding special circumstances justifying noncompliance with PLRA exhaustion requirements because (1) prison officials erroneously refused to investigate circumstances of plaintiff's lost-property claim and frustrated administrative appellate review of this error and (2) after plaintiff subsequently conducted his own investigation into the circumstances surrounding his lost property, he reasonably believed that he could not raise facts that he had unearthed in that investigation in administrative proceedings).

In the case at bar, Thomas alleged in his original response to defendants' summary judgment motion that following the incident at Southport Correctional Facility giving rise to this action, there was a "mini-riot" at Southport, followed by "beatings, shackling and restriant [sic] tactics ... inflicted on the population in general ...," and that "complaints about this action were covered up and few,

- 3 -

if any complaints were processed by grievance." Dkt. #28 at 2.  Plaintiff also stated that he "was afraid for [his] life after the incident, and that is the reason why [he] waited until he was released [*i.e.*, transferred] from Southport C.F. until [he] filed this complaint [in this action], less [sic] [he] risk coming up missing in their in-famous D-block at the hands of their inmate workers or over-zealous staff."  *Id.* at 3.  In addition, in his post-remand filing, Thomas alleges that "defendant and his [sic] agents, conspired to circumvent and mailing [sic] of [plaintiff's] grievance appeals, in order to procet their actions." Dkt. #46 ¶ 5.

Although the issue is a close one, I believe that plaintiff has alleged enough to show that ordinary grievance procedures were not available to him because of his reasonable fear of retaliation.  His allegations concerning widespread beatings and shacklings shortly after the incident giving rise to this lawsuit, coupled with his assertion that he was afraid for his life, are corroborated to a degree by the fact that plaintiff waited until he had been transferred from Southport to a different facility before filing the complaint in this action, and suggest that the circumstances were such that "'a similarly situated individual of ordinary firmness' [would] have deemed [ordinary grievance procedures] available." *Hemphill*, 380 F.3d at 688 (quoting *Davis v. Goord*, 320 F.3d 346, 353 (2$^d$ Cir. 2003)).[1]  Defendants' motion for summary judgment on exhaustion grounds is therefore denied.

As noted, plaintiff has also moved for summary judgment.  The fact that plaintiff's claims are not subject to dismissal on the ground of nonexhaustion of remedies, however, does not mean that plaintiff is necessarily entitled to relief on the merits of his claims.  On the record before me,

---

[1]My conclusion in this regard renders it unnecessary for the Court to consider whether defendants are estopped from asserting an exhaustion defense, or whether "special circumstances" exist that excuse any failure to exhaust on plaintiff's part.

which contains little if any evidence concerning the incidents underlying those claims, summary judgment would clearly be inappropriate at this juncture.  Plaintiff's motion is therefore denied as well.

### CONCLUSION

Defendants' motion for summary judgment (Dkt. #22) is denied.

Plaintiff's cross-motion for summary judgment (Dkt. #46) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      April 24, 2007.