UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VICTOR KEVEN THOMAS,

        Plaintiff,

v.

C.O. J. CASSLEBERRY, et al.,

        Defendants.

REPORT & RECOMMENDATION

03-CV-6394L

---

By Order dated October 6, 2003, this matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 21). This is the third decision addressing the question whether the plaintiff should be permitted to amend his complaint under the relation back doctrine in order to identify six defendants in place of the "John Doe" defendants that he named in his original complaint. Familiarity with the earlier decisions is assumed. (*See* Docket ## 67, 70).

## PROCEDURAL HISTORY

The Section 1983 complaint in this action alleges that defendant Corrections Officer J. Casselberry and "six unknown corrections officer and employees of [DOCS]" assaulted the plaintiff, Victor Thomas, on May 1, 1999 while he was incarcerated at Southport Correctional Facility, in violation of the Eighth Amendment. (Docket # 1). The complaint was dated April 26, 2002 and filed in the United States District Court for the Northern District of

New York on May 3, 2002.[1] (*Id.*). Following the court's review of the complaint under the Prison Litigation Reform Act, the court issued an order directing Thomas to "take reasonable steps to ascertain the[ ] identities" of the John Doe defendants and to move to amend his complaint in the event that he wished to pursue claims against them. (Docket # 4). The court cautioned Thomas that "if these individuals are not timely served, this action will be dismissed against them." (*Id.*).

Before any discovery was conducted, defendants moved for summary judgment, which was granted by the district court on April 13, 2004. (Docket # 30). Thomas appealed the decision, and the Second Circuit vacated the judgment and remanded the case to the district court on April 11, 2005. (Docket # 34). Following the plaintiff's deposition, both parties moved anew for summary judgment, which was denied by the district court on April 24, 2007. (Docket # 47). Six weeks later, this Court issued a scheduling order setting deadlines for, among other things, discovery and motions to amend the pleadings. (Docket # 49). The deadline for filing motions to amend was August 17, 2007. (*Id.*). On August 13, 2007, Thomas filed a proposed amended complaint, unaccompanied by motion papers. (Docket # 56). On December 20, 2007, he filed the instant motion to amend to identify six named defendants in place of the "John Doe" defendants. (Docket ## 56, 61). Defendants oppose the motion on the grounds that the proposed claims against the six individual officers would be futile because the statute of limitations has expired as to such claims. (Docket # 64).

---

[1] The case was transferred to this district by Order dated July 29, 2003. (Docket # 17).

**LEGAL OVERVIEW**

Because the statute which Thomas claims that the defendants have violated, 42 U.S.C. § 1983, does not provide a statute of limitations, the court must "borrow" the limitations period from the most appropriate or analogous state statute. *Board of Regents v. Tomanio*, 446 U.S. 478, 483-84 (1980). Using this borrowing approach, the applicable statute of limitations for Section 1983 actions is three years – the limitations period provided under New York law for unspecified injury actions. *See* N.Y. C.P.L.R. § 214(5); *Owens v. Okure*, 488 U.S. 235, 251 (1989) (applying New York's three year statute of limitations to Section 1983 case); *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35 (2d Cir. 1996) ("[b]ecause New York's three-year limitations period, applicable to section 1983 claims, expired [before the plaintiff filed his motion to amend], [the plaintiff] may now amend his complaint to add those officers only if the amendment would 'relate back' to the date he filed his original complaint") (internal citation omitted).

In the case at bar, Thomas's claims arise from an alleged assault that occurred on May 1, 1999. His pending motion to amend was not filed until August 13, 2007, well beyond the three-year limitations period. Thus, unless Thomas can demonstrate that the relation back doctrine applies, his proposed claims are clearly untimely.

The relation back doctrine allows claims that are otherwise untimely to relate back to the claims in the original complaint. *See* Fed. R. Civ. P. 15(c); *Soto v. Brooklyn Corr. Facility*, 80 F.3d at 35. Under Rule 15(c)(1) of the Federal Rule of Civil Procedure, a plaintiff may amend a complaint in a federal action after the expiration of the limitations period when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

In this case, because the limitations period derives from state law, Rule 15(c)(1)(A) requires the Court to consider both federal and state law and employ whichever affords a "more forgiving" principle of relation back. *See*, *e.g.*, *DeRienzo v. Harvard Indus., Inc.*, 357 F.3d 348, 353 n.8 (3d Cir. 2004); *Peralta v. Donnelly*, 2009 WL 2160776, *3 (W.D.N.Y. 2009); *Murphy v. West*, 533 F. Supp. 2d 312, 316 (W.D.N.Y. 2008); *Wilson v. City of New York*, 2006 WL 2528468, *2 (S.D.N.Y. 2006). *See also* Fed. R. Civ. P. 15(1) Advisory Committee's Note to 1991 Amendment ("[w]hatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this

rule, it should be available to save the claim"). No dispute exists that Thomas's proposed amendment arises out of the same conduct – the alleged assault on May 1, 1999 – that gives rise to the claim in the original complaint. It does more than simply assert a new claim arising from that alleged assault, however; it also names new defendants who were previously identified only as "John Doe" defendants.

Turning first to federal law, I note that although Rule 15(c)(1)(C) permits relation back when the plaintiff has made a mistake concerning the identity of the parties, the failure to provide a defendant's actual name due to lack of knowledge does not qualify as a mistake under federal law. *See*, *e.g.*, *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995) ("Rule 15(c) [of the Federal Rules of Civil Procedure] explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake"), *as modified*, 74 F.3d 1366 (2d Cir. 1996); *Peralta v. Donnelly*, 2009 WL 2160776 at *4 ("[t]he Second Circuit has held that lack of knowledge regarding the identity of the proper defendant does not constitute a mistake for purposes of amendments"); *Dooley v. Columbia Presbyterian Med. Ctr.*, 2009 WL 129941, *3 (S.D.N.Y. 2009) (same); *Mabry v. New York City Dep't of Corr.*, 2008 WL 619003, *5 (S.D.N.Y. 2008) (same). Moreover, a plaintiff, even one acting *pro se*, may not avoid this rule by "rely[ing] on a John Doe defendant to serve as a place holder for purposes of circumventing the statute of limitations." *Peralta*, 2009 WL 2160776 at *4 (citing *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999)).

5

New York State law, by contrast, construes the issue of mistake more liberally than federal law. *See Murphy v. West*, 533 F. Supp. 2d at 316 (finding state "relation back" law to be more forgiving than federal equivalent). Under New York law, a plaintiff may file suit against "John Doe" defendants and later amend the complaint upon learning defendants' identities. *Id.* To invoke this doctrine, however, a plaintiff must demonstrate that he diligently sought to identify the John Doe defendants before the limitations period expired. *See*, *e.g.*, *Peralta*, 2009 WL 2160776 at *5 ("[u]nder New York law, a plaintiff who named John Doe defendants can amend the complaint to name new defendants, even after the statue of limitations period has run, if the plaintiff acted in good faith and took steps to obtain the information within the limitations period"); *Dooley v. Columbia Presbyterian Med. Ctr.*, 2009 WL 129941 at *3 (while the "mistake requirement under New York law is more flexible than the federal rule," the plaintiff still must "demonstrate genuine efforts to obtain the defendants' identities prior to the running of the statute of limitations") (internal quotations and citations omitted); *Murphy*, 533 F. Supp. 2d at 316; *Wilson v. City of New York*, 2006 WL 2528468 at *3.

**APPLICATION OF THE RELATION BACK DOCTRINE
TO PLAINTIFF'S PROPOSED AMENDMENT**

Plaintiff's original motion to amend to name the John Doe defendants did not address the efforts, if any, that he made to identify those defendants before the limitations period expired. Accordingly, by Order dated July 15, 2008, this Court permitted Thomas to supplement his motion by July 31, 2008 in order "to demonstrate the efforts, if any, that he undertook before the expiration of the three-year limitations period to identify the John Doe defendants." (Docket

6

# 67). Thomas thereafter made a supplemental filing, but this Court determined that the filing did not comply with the Court's earlier order. Thus, the Court afforded Thomas another opportunity to do so and emphasized that such filing "shall specifically explain to the Court any and all efforts that [he] made to obtain the name of those persons whom he has identified as the six 'John Doe' defendants before the expiration of the three-year statute of limitations." (Docket # 70). The deadline for the supplemental filing was extended until February 23, 2009. (Docket # 73).

Thomas responded by filing two affirmations, the first dated February 11, 2009 (Docket # 75) and the second dated February 19, 2009 (Docket # 76). In the first, Thomas noted that he had filed the original complaint in this matter along with "the Marshal's Service form that identified 6-7 of the named defendants." (Docket # 75). Although the docket does not include such a form, it does reveal that as early as October 2002, Thomas wrote to the magistrate judge in the Northern District of New York to whom the case was assigned to inquire about a "notice" allegedly sent by Thomas providing the names of the defendants. (Docket # 13). Specifically, the letter stated:

> It should be brought to this Court's attention that a notice was filed by the plaintiff and the correct names of **all** the listed defendants in this matter were supplied[.] [T]his however has not been addressed by the Attorney General's office nor the docket entries in this action. Could the Court rectify this so that the formal Court record reflects the names of the remaining defendants?

(*Id.*).

Thomas also noted in his affirmation that he had filed motions seeking copies of relevant audio tapes and had served discovery requests "in order to clarify the issues presented in

7

the amended complaint within the time limits of the scheduling order." (Docket # 75). The audio tapes to which Thomas refers are apparently tapes of an interview of him conducted by a member of the office of the Inspector General for the New York State Department of Correctional Services ("OIG"). (*See* Docket # 76 at ¶ 7). Although Thomas had not explained the basis for his belief that a review of his interview with OIG would have enabled him to identify the John Doe defendants, it is clear that he has sought production of the tape or transcript of such interview since the early stages of this litigation. Indeed, on October 1, 2003, Thomas filed a motion for discovery seeking this material. (Docket # 20).

A careful review of the docket also reveals another salient fact: that as early as November 3, 2003, Thomas knew the identities of at least four of the six John Doe defendants whom he now seeks to name. On that date, Thomas filed a response to a summary judgment motion filed by defendant Cassleberry, in which he noted that putative defendants Mastrantonio, Wheeler, Sullivan and Sepiol conspired to violate his Eighth Amendment rights. (Docket # 28, Memorandum of Law at 3). That response also referenced the Marshal's Service form that he purportedly sent to the Court identifying the names of the other defendants. (*Id.*). The record does not reveal how Thomas was able to identify any or all of the John Doe defendants in October 2002 when he allegedly mailed the Marshal's Service form to the Court and in November 2003 when he responded to the then-pending summary judgment motion. Nor do Thomas's filings explain why he did not move to amend his complaint in 2002 or 2003 or whether or how he lost the information concerning the John Doe defendants' identities after 2003.

Those questions notwithstanding, Thomas's attempt to satisfy the relation back doctrine fails for the simple reason that he is required to show, but has not, that he endeavored to learn the identities of the John Doe defendants prior to May 1, 2002 (three years after the May 1, 1999 assault). Indeed, the original complaint in this case is dated a mere seven days before that date. Thus, even if this Court credits his assertion that he provided the John Doe defendants' identities to the Court in approximately October 2002 and excuses his failure to move to amend at that time, he still has not shown that he made good faith or diligent efforts to learn their identities prior to May 1, 2002, when the statute expired. This failure is fatal to his attempt to invoke the relation back doctrine. *See Dooley*, 2009 WL 129941 at *4 (determining that relation back doctrine did not apply where plaintiffs did not diligently attempt to learn the identity of the John Doe defendant before the expiration of the limitations period).

## **CONCLUSION**

Accordingly, I recommend that Thomas's motion to amend his complaint to name six John Doe defendants **(Docket ## 56, 61)** should be **DENIED**. The parties should be directed to notify this Court in writing within ten (10) days of the district court's decision whether discovery has been completed and whether summary judgment motions are anticipated.

   *s/Marian W. Payson*     
MARIAN W. PAYSON  
United States Magistrate Judge

Dated: Rochester, New York  
       January __22__, 2010

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                            *s/Marian W. Payson*
                                            MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
       January __22__, 2010